# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Leonard Olszowy and<br>Anna Olszowy,<br>              Plaintiffs,<br><br>       v.<br><br>Joseph Stephen Schmutz; Berkeley County Sheriff Department; Office of the Solicitor Ninth Judicial Circuit; Berkeley County Clerk of Court; Berkeley County Summary Courts; Goose Creek Magistrate; The South Carolina Bar; John H. Price Jr.; J. Westcoat Sandlin; O. Grady Query; Michael P. O'Connell; Natalie Parker Bluestein; Constance Mills; Mary P. Brown; Scarlett A. Wilson; Solicitor John Church; Berkeley County Sheriff Wayne Dewitt; Major Richard Driggers,<br><br>              Defendants. | C.A. No.: 9:09-01662-PMD-BM<br><br>**ORDER** |

This matter is before the court on Plaintiffs Christopher and Anna Olszowy's ("Plaintiffs") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiffs originally filed this action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915 alleging that Defendants violated their civil rights while conducting a search and arrest on June 27, 2007. The Magistrate Judge recommended dismissing all of the defendants except for the Berkeley County Sheriff's Department, Sheriff Wayne Dewitt, and Major Richard Driggers. Additionally, the Magistrate Judge recommended removing Plaintiff Anna Olszowy from the docket as a plaintiff in this case. Having reviewed the entire record, including the Plaintiffs' Objections, the court finds that, except as to the Berkeley County Sheriff's Department and Anna Olszowy, the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts in part and rejects in part the R&R.

1

## BACKGROUND

At this early stage, the record contains little factual background about Plaintiffs' case. However, Plaintiffs allege that on June 27, 2007 Christopher Olszowy was arrested by the Berkeley County Sheriff's Department "on suspicions of drug trafficking." Plaintiffs allege that "Sheriff Deputies indicate they had probable cause to break down Plaintiffs' door without notice and with a search warrant alleging that Plaintiff C. Olszowy and the [confidential informant] were audio taped discussing their prior drug trafficking." (Compl., Statement of Claim, p. 1). Plaintiffs claim that the Berkeley County Sheriff's Department found less than 10 grams of Marijuana inside Plaintiffs' home and five ¼ inch plants in the backyard of Plaintiffs' home. It appears from the complaint that the marijuana charges against Plaintiff Christopher Olszowy were eventually dismissed. Plaintiffs state that their complaint sets forth "civil rights violations, official abuse, corruption, and acts of fraud and gross misconduct perpetrated by the following defendants." (*Id.*). Plaintiffs name as defendants the attorney representing Christopher Olszowy in his criminal case, officers of the Berkeley County Sheriff's Department, prosecutors with the Ninth Circuit Solicitors Office, the Berkeley County Clerk of Court, a Goose Creek Magistrate, and members of the hearing panel involved in the resolution of the fee dispute.

On July 7, 2009, the Magistrate Judge recommended dismissing all of the defendants without prejudice and without issuance of service of process except for the Berkeley County Sheriff's Department, Sheriff Wayne Dewitt, and Major Richard Driggers. Additionally, the Magistrate Judge recommended removing Plaintiff Anna Olszowy from the docket as a plaintiff in this case.

**STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Plaintiffs' complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is

frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## ANALYSIS

**A.     Plaintiff Anna Olszowy**

The Magistrate Judge recommended to the court that Plaintiff Anna Olszowy ("Anna" or "A. Olszowy") be removed as a Plaintiff in this case. First, the Magistrate Judge found that Anna failed to sign the complaint and failed to pay a filing fee or sign the submitted application to proceed *in forma pauperis* evidencing her intent to proceed as a plaintiff in this case. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1914; 28 U.S.C. § 1915. Further, the Magistrate Judge found that even if Anna were allowed to cure the signature deficiencies, the allegations in the complaint concerning Anna are either conclusory ("Defendant Driggers violated Plaintiff A. Olszowy's right to freedom of speech," Compl. at 17) or fail to allege facts in support of a constitutional claim ("Defendant Driggers repeatedly and uncontrollably threatened and harassed Plaintiff A. Olszowy by telephone," Compl. at 17). Therefore, the Magistrate concluded that "because Anna Olszowy is not a signatory to the filed complaint or application to proceed *in forma pauperis*, and curing these deficiencies would not otherwise leave her with viable claims raised on her behalf, she should be removed from the docket as a plaintiff in this action and Christopher Leonard Olszowy should proceed as the sole plaintiff in the case." (R&R p. 3).

Plaintiffs object to the R&R's conclusion that Anna Olszowy should be dismissed as a Plaintiff in the case. In their complaint, Plaintiffs allege that Anna's rights were violated when the Sheriff's Deputies broke down Plaintiffs' door without notice, when the Berkeley County

Sheriff's Department failed to read Plaintiffs' Miranda rights or allow them to seek legal assistance upon their request while under interrogation and police custody, when Defendant Driggers repeatedly and uncontrollably threatened and harassed Anna by telephone, and when Defendant Driggers violated Anna's right to freedom of speech. Additionally, in their objections to the R&R, Plaintiffs assert that Anna did not sign the pleadings or the application to proceed *in forma pauperis* because Anna "was not instructed by the clerk to require an additional signature nor was there an additional area for a signature." (Obj. p. 3). Plaintiffs also complain that the court's pro se guide failed to instruct each Plaintiff that they were required to sign the complaint and complete separate applications to proceed *in forma pauperis*. In conjunction with their objections and in an attempt to cure the signature deficiencies, Plaintiffs have filed an amended complaint and application to proceed *in forma pauperis* signed by Anna Olszowy. Plaintiffs also object to the R&R's conclusion that even if the signature deficiencies were cured, Plaintiffs have failed to state a viable constitutional claim against Defendants on Anna's behalf.

The court finds that Anna should not be removed as a Plaintiff at this early stage of the litigation and in light of her *pro se* status. First, the court does not find that Anna's failure to sign the original complaint and application to proceed *in forma pauperis* should serve as a basis to summarily dismiss Anna Olszowy as a Plaintiff in this action. In particular, dismissal of a *pro se* pleading for failure to sign would be inappropriate considering the less stringent standard applied to *pro se* litigants. *See Memisevich v. St. Elizabeth's Med. Ctr.*, 443 F. Supp. 2d 276 (N.D.N.Y. 2006). The Magistrate Judge found that even if Plaintiffs were allowed to cure the signature defects, the court should still dismiss Anna because the allegations in the complaint concerning Anna are either conclusory or fail to allege facts in support of a Constitutional claim. While the court agrees that many of Plaintiffs' claims fail to state a viable Constitutional claim,

the court finds that Anna's claim that the police used excessive force and broke down the door to her home without notice presents a potential claim at least at this very early stage of litigation. Anna, if a co-owner of the home and if present at the time of the execution of the warrant, may be able to establish a Fourth Amendment claim for failure to "knock and announce." *See, e.g., Howell v. Polk*, 532 F.3d 1025 (9th Cir. 2008). Based on the pleadings and in light of the more lenient standard afforded to *pro se* litigants, it cannot be said that that Anna has failed to state any viable Constitutional claim against Defendants. Therefore, the court finds that Anna should be permitted to remain a Plaintiff in this case.

B.     **Defendant Joseph Stephen Schmutz**

The Magistrate Judge recommended to the court that Defendant Joseph Stephen Schmutz ("Schmutz") be dismissed from this case. Schmutz was the attorney who represented Plaintiff Christopher Olszowy in his state court criminal case. Plaintiffs' complaint alleges that Schmutz had a close relationship with the police officers who arrested Plaintiff and alleges that their relationship violated the "South Carolina Rules of Lawyer Professional Conduct and committed Gross Misconduct, Conflict of Interest, and Fraud when he was involved in a conspiracy with these [police officers] against his former client, Plaintiff C. Olszowy." (Compl., Statement of the Case, p. 4). The complaint also claims that Schmutz was grossly negligent in rendering legal advice to the Plaintiff, failed to communicate with Plaintiff, settled Plaintiff's case without getting confirmation from his client in writing, failed to investigate Plaintiff's case, and failed to surrender all papers and property after abandoning the representation of Plaintiff. (*Id.* at 5). Plaintiffs also complain that Schmutz charged excessive attorney's fees, and Plaintiffs filed an action with the South Carolina Bar Fee Dispute Board, which ruled in favor of Schmutz.

The Magistrate Judge found that Schmutz was entitled to summary dismissal because he had not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980), *cert. denied,* 454 U.S. 1141 (1982) (court-appointed attorney); and *Polk County v. Dodson,* 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Therefore, the R&R found that because Schmutz was not acting under color of state law, Schmutz should be summarily dismissed from this case.

Plaintiffs object to the R&R's finding with respect to Defendant Schmutz; however, in their objections Plaintiffs simply restate the same claims against Schmutz as they did in their complaint and further allege that Schmutz was not acting as an agent for Plaintiff but instead was acting as an agent for the state government. Plaintiffs conclusory statement that Schmutz was acting as an agent for the state government does not transform their attorney into a defendant acting under color of state law for the purposes of a § 1983 suit. Therefore, the court agrees with the magistrate that Defendant Schmutz should be summarily dismissed from this case.

C.  **Defendants Office of the Solicitor Ninth Judicial Circuit, Scarlett A. Wilson, and John Church**

The Magistrate Judge recommended that the Office of Solicitor Ninth Judicial Circuit, Scarlett A. Wilson ("Wilson"), and John Church ("Church") be summarily dismissed from this case. While the facts as to how these Defendants were involved in Plaintiffs' case are sparse, it appears that Wilson and Church, the Solicitor and an Assistant Solicitor respectively, were

involved in the criminal charges brought against Plaintiff Christopher Olszowy. In their Complaint, Plaintiffs list Wilson, Church, and the Solicitor's office as Defendants in the case; however, Plaintiffs do not allege any specific conduct on the part of these Defendants. The Magistrate Judge found that these Defendants should be summarily dismissed from this action because prosecutors are protected by immunity for activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons,* 509 U.S. 259 (1993); *Burns v. Reed,* 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). The R&R noted that "[i]n *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are 'intimately associated with the judicial phase of the criminal process.'" (R&R p. 5). The R&R further stated that "this absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as making the determination to go forward with indictment." (*Id.*); *see, e.g., Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Based on their prosecutorial immunity, the Magistrate Judge recommended that the Office of Solicitor Ninth Judicial Circuit, Wilson, and Church be summarily dismissed from this case.

The Plaintiffs object to the Magistrate Judge's recommendation to dismiss the Solicitor's Office, Wilson, and Church. The Plaintiffs state in their objections that these Defendants should lose their prosecutorial immunity because they were not acting within the scope of their duties and were not "intimately associated with the judicial phase of the criminal process." (Obj. p. 11). Plaintiffs allege in their objections that "Defendants Church and Wilson were active co-conspirators of the criminal case." (*Id.* at 12).

The court finds that Plaintiffs' allegations against these Defendants do not state a viable Constitutional claim. As to Plaintiffs' claim that Church and Wilson were co-conspirators of the criminal case, an allegation of conspiracy alone does not itself state a claim for relief under § 1983—the plaintiff must also allege that the defendants conspired to violate a constitutional right. *See, e.g., Thore v. Howe,* 466 F.3d 173, 179 (1st Cir. 2006) (complaint must allege a conspiracy to violate a constitutional right). Plaintiffs have not alleged any actions on the part of Church and Wilson that would rise to the level of a violation of Plaintiffs' constitutional rights. Therefore, the court finds that Church and Wilson should be dismissed from this action. Further, the Ninth Judicial Circuit Solicitor's Office is an integral part of the State of South Carolina and is immune from a § 1983 suit under the Eleventh Amendment. *Williams v. South Carolina*, No. 0:06-2590-CMC-BM, 2006 WL 3843608, at *5 (D.S.C. Dec. 22, 2006) (citing S.C. Const. art V, § 24; S.C. Code Ann. § 1-7-310).

### D. **Defendants Berkeley County Clerk of Court, Berkeley County Summary Courts, Goose Creek Magistrate, Constance Mills, and Mary Brown**

The R&R found that Berkeley County Clerk of Court, Berkeley County Summary Courts, Goose Creek Magistrate, Constance Mills, and Mary Brown should all be dismissed because Plaintiffs have failed to allege a Constitutional violation by these defendants. In their complaint, Plaintiffs lump these Defendants into the heading of a section of claims against the Berkeley County Sheriff's Department, but Plaintiffs do not assert any specific claims against these Defendants. As such, the Magistrate Judge recommended summarily dismissing these Defendants from this action.

Plaintiffs have not objected to the dismissal of Berkeley County Clerk of Court, Berkeley County Summary Courts, or Goose Creek Magistrate, and the court finds that these Defendants should be summarily dismissed from this case as Plaintiffs have failed to state any claim against

them. However, Plaintiffs object to the R&R's finding that Constance Mills ("Mills") and Mary Brown ("Brown") should be dismissed from this case. In their objections, Plaintiffs claim that "Defendant Mills from the Berkeley County Summary Court removed an original document from Plaintiff Anna Olszowy and replaced it with another document . . . Mill's actions were her attempts to conceal." (Obj. p. 11). Plaintiffs also claim that "[u]nder the supervision of the Clerk of Court, Defendant Brown, failed to release public court documents after the dismissal, within a reasonable and timely manner." (*Id.*).

The court finds that Plaintiffs have failed to state a Constitutional claim against Defendants Mills and Brown. Additionally, the court notes that Berkeley County Clerk of Court, Berkeley County Summary Courts, Goose Creek Magistrate, Mills, and Brown are not subject to suit under § 1983 pursuant to the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjunts.'" *Addison v. County of Charleston Magis. Office*, No. 2:06-3308-HFF, 2006 WL 3813695 (D.S.C. Dec. 27, 2006) (citations omitted).

**E.** **The South Carolina Bar, John H. Price Jr., J. Westcoat Sandlin, O. Grady Query, Michael P. O'Connell, and Natalie Parker Bluestein**

The R&R found that the South Carolina Bar and members of the Fee Dispute Board—Price, Sandlin, Query, O'Connell, and Bluestein—are not amenable to suit under § 1983. Plaintiffs' claims against these defendants appear to stem from their position as members of the South Carolina Bar's Fee Dispute Board, which was involved in the resolution of a fee dispute between Plaintiffs and Defendant Schmutz. The Magistrate Judge found that these defendants

did not act under color of state law, a requirement in establishing a § 1983 claim. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiffs object to the Magistrate Judge's recommendation to dismiss these parties. In their complaint and objections, Plaintiffs claim that the members of the Fee Dispute Board had a conflict of interest, were biased, failed to properly investigate the claim, delayed their decision, refused to postpone the hearing as requested by Plaintiffs, and defamed Plaintiff's character in their reports. (Compl., Statement of the Case, p. 7; Obj. p. 8-10).

The court finds that the South Carolina Bar and members of the fee dispute board should be summarily dismissed from this case. Plaintiffs have failed to allege any constitutional violations against these Defendants, and more importantly these Defendants are not state actors and are therefore not subject to suit under § 1983.

### F.   Berkeley County Sheriff's Department, Berkeley County Sheriff Wayne DeWitt, and Berkeley County Sheriff's Major Richard Driggers

The Magistrate Judge recommended that process should be issued for Defendants Berkeley County Sheriff's Department, Berkeley County Sheriff Wayne Dewitt, and Berkeley County Sheriff's Major Richard Driggers. The Plaintiffs have not objected to the Magistrate Judge's finding with respect to these Defendants. The court finds, however, that Berkeley County Sheriff's Department should also be summarily dismissed from this action because it is not amenable to suit under § 1983. Berkeley County Sheriff's Department has Eleventh Amendment immunity from Plaintiffs' claims for damages under § 1983. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit

against the sheriff's office is suit against the state). As an agency of the state, Berkeley County Sheriff's Department is immune from suit under the Eleventh Amendment, which strips this court of jurisdiction to hear a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort County,* 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Therefore, the court finds that Berkeley County Sheriff's Department should also be summarily dismissed from this action.

## CONCLUSION

For the foregoing reasons, the court **DISMISSES** Defendants Joseph Stephen Schmutz, Berkeley County Sheriff's Department, Office of the Solicitor Ninth Judicial Circuit, Berkeley County Clerk of Court, Berkeley County Summary Courts, Goose Creek Magistrate, The South Carolina Bar, John H. Price, Jr., J. Westcoat Sandlin; O. Grady Query, Michael P. O'Connell, Natalie Parker Bluestein, Constance Mills, Mary P. Brown, Scarlett A. Wilson, and Solicitor John Church without prejudice and without issuance and service of process. Process shall issue for Defendants Berkeley County Sheriff Wayne DeWitt and Major Richard Driggers.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 3, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.