IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| **Christopher Leonard Olszowy and Anna Olszowy**, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **Sheriff Wayne DeWitt and Major Richard Driggers**, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. 9:09-1662-JMC-BM <br><br><br><br> **REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiffs, pro se. Plaintiffs' claims were originally asserted against a multitude of Defendants. However, by Order filed November 3, 2009, all of the Defendants originally named in this case were dismissed except for the Defendants Wayne DeWitt and Richard Driggers.

DeWitt and Driggers filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 4, 2010. As the Plaintiffs are proceeding pro se, a Roseboro order was entered by the Court on August 9, 2010, advising Plaintiffs of the importance of a motion for summary judgment and of the need for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendants' motion may be granted, thereby ending this case. Plaintiffs thereafter filed a memorandum in opposition to the Defendants' motion

1



on August 12, 2010, which also included a "motion for a re-trial", a "motion for appointment of counsel", and a "motion for change of venue". Plaintiffs filed additional attachments to their memorandum in opposition on August 17, 2010.

Defendants filed a memorandum in opposition to Plaintiffs' motions for counsel, for a "re-trial", and to change venue on August 25, 2010, following which Plaintiffs filed a "Final Addendum" on August 30, 2010 together with another response on September 3, 2010. These motions are now before the Court for disposition.[1]

**Background and Evidence**[2]

Plaintiffs allege in their verified complaint[3] that on June 27, 2007, Plaintiff

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court. It is also noted that Plaintiffs have filed an appeal with the Fourth Circuit seeking an order for court appointed counsel, and a motion seeking a stay of Defendants summary judgment motion pending appeal. A stay of Defendants' motion is not warranted, however, as Plaintiffs' appeal has not divested this Court of jurisdiction. United States v. Sakyi, 289 Fed. Appx. 261 (4th Cir. 2008)[Motion for appointment of counsel not appealable interlocutory order]; Williams v. Maryland, 346 Fed. Appx. 974 (4th Cir. 2009)[same]; Robertson v. Cartinhour, 691 F.Supp.2d 65, 76 (D.D.C. 2010)[Interlocutory appeal "does not deprive the [District] Court of jurisdiction to proceed"]; McKesson HBOC, Inc. v. Islamic Republic of Iran, 315 F.Supp.2d 63, 66 (D.D.C. 2004)["It is settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction"]. The District Court may, of course, in its discretion, wait for the order from the Fourth Circuit before entering a final ruling on Defendants' motion.

[2] The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiffs, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiffs have filed a verified Complaint. Therefore, the undersigned has considered the factual allegations
(continued...)

2



Christopher Olszowy was arrested by the Berkeley County Sheriff's Department on suspicion of drug trafficking. Plaintiffs allege that Sheriff's Deputies broke down their door without notice and with a search warrant alleging that Christopher Olszowy and a confidential informant were audio taped discussing prior drug trafficking activity. Plaintiffs allege that the Sheriff's Department found less than ten (10) grams of marijuana inside the Plaintiffs' home, and five (5) one quarter inch plants in the back yard.

Plaintiffs allege that the Sheriff's Department failed to read Plaintiffs their <u>Miranda</u>[4] rights or allow them to seek legal assistance upon their request while under interrogation in police custody. Plaintiffs further allege that the Sheriff's Department "threatened, harassed, used oppressive tactics, and forced" Plaintiff Christopher Olszowy to "sign over ownership rights of all of his vehicles and took undocumented property." Plaintiffs allege that the Sheriff's Department re-entered their home later that same day "under the guise of obtaining Plaintiff [Christopher] Olszowy's heart medication, and upon entering took additional items not documented on the search warrant." Plaintiffs allege that the Sheriff's Department thereafter "falsified" charges in order to justify an illegal seizure of property, and that the Sheriff's Department coerced a statement from Christopher Olszowy while he was intoxicated.

Plaintiffs further allege that DeWitt and Driggers were involved in a criminal conspiracy to commit acts of fraud and gross misconduct against the Plaintiffs, in that Anna Olszowy sent a certified letter to Driggers requesting the return of Plaintiffs' property which was ignored.

---

[3](...continued)
set forth in the verified Complaint in issuing a recommendation in this case.

[4]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).



Plaintiffs further allege that Driggers "repeatedly and uncontrollably threatened and harassed" Anna Olszowy by telephone and denied her right to freedom of speech, that they "knowingly falsified, concealed, and altered court documents" in Christopher Olszowy's criminal case and violated Christopher Olszowy's due process and equal protection rights, that the "Defendants" failed to timely release public court documents upon an FOIA request, that DeWitt and Driggers assisted in "the fabrication of a prosecution when there was never any indictment or hearings", and violated Christopher Olszowy's right to obtain information regarding his seized vehicles. Plaintiffs seek monetary damages. See generally, Plaintiffs Verified Complaint, as amended.[5]

In support of summary judgment in the case the Defendants have submitted several documents.[6] Defendants first exhibit is a copy of a statement by Christopher Olszowy wherein he acknowledges that he has been advised of his Miranda rights and agrees to waive those rights and answer questions concerning drug charges, and acknowledging that no threats of force or promise of any kind have been made to him to induce him to waive these rights and answer questions. Following this waiver is a statement wherein Plaintiff admits to drug dealing involving marijuana. This statement is witnessed by two detectives, neither of whom appear to be the Defendants in this

---

[5] While the complaint contains additional allegations, these additional allegations refer to conduct or activities by other Defendants originally named in this lawsuit, all of whom have previously been dismissed by Order of the Court. See discussion, supra.

[6] While some of these documents are court records of which the court may take judicial notice; see Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)[Federal courts in appropriate circumstances may take judicial notice of state court proceedings]; it is unclear whether all of these documents would constitute court or public records for purposes of authentication. Therefore, in response to this Report and Recommendation, Defendants are directed to submit an affidavit from an appropriate official or Defendant authenticating these documents for purposes of evidentiary consideration, so that this affidavit may be available for review by the District Judge assigned to this case as part or any consideration of this Report and Recommendation and any objections filed thereto. **Failure to do so may result in some of these exhibits not being considered by the Court**.



case.

Defendants have also provided a copy of a search warrant dated June 27, 2007, authorizing a search of Plaintiff's premises, together with a return showing items seized as a result of that search, to include marijuana plants and other drug paraphernalia. Defendants have also attached a copy of an arrest warrant for Christopher Olszowy dated June 27, 2007, with attached affidavit, charging him with distribution of marijuana, along with a consent order dated July 2, 2007 and signed by the presiding judge for the Ninth Judicial Circuit, and also bearing Christopher Olszowy's signature, wherein Plaintiff consents to the seizure of certain property, to include controlled substances; property, both real and personal, and conveyances to include motor vehicles.

Defendants have also submitted a copy of an incident report dated May 23, 2007, relating to a confidential source providing information concerning Christopher Olszowy being involved with the trafficking and sale of marijuana, together with a supplementary report dated June 26, 2007 detailing a contact with the Plaintiff through this confidential informant discussing drug trafficking, as well as the purchase of an amount of marijuana from the Plaintiff by the confidential informant. In yet another supplementary report dated June 27, 2007, it is related that an arrest warrant had been sought and obtained for Christopher Olszowy along with a search warrant for 100 Pinehall Drive (Plaintiffs' residence at that time).[7]

Finally, the Defendants have submitted a copy of a certified letter from Christopher Olszowy to the Goose Creek Police Department dated February 27, 2008, in which this Plaintiff complains that property was taken from his residence by the Sheriff's Department that was not disclosed on the search warrant, and is therefore stolen property, and that since the charges against

---

[7]See Complaint, p. 3.



him "have been dismissed now", requesting full retribution as well as prosecution of the Sheriff's Deputies. Plaintiff identifies the allegedly stolen property as being an aluminum ramp, house keys, money, a leather sunglass case, vehicle titles, and seven CDs with a total value of Seven hundred ten ($710.00) dollars.

In opposition to the Defendants' motion, Plaintiffs have also submitted several exhibits.[8] Plaintiffs' first exhibit is a case history filed November 16, 2007 showing <u>Nolle Prosequi</u> of a charge of simple possession of marijuana against Christopher Olszowy; a certification from the Clerk of Court as to the dismissal of the charge, with a disposition date of January 26, 2008; copies of various court documents such as notifications of court hearings and correspondence; a copy of a letter to the Plaintiff from the Berkeley County Sheriff's Department, signed by Gresha Watford, advising Christopher Olszowy that information he had requested pursuant to the FOIA, other than the incident report (a copy of which was enclosed), was not covered by the FOIA; and a copy of the consent order and certified letter previously referenced.

Plaintiffs have also submitted a copy of a certified letter to the Defendant Driggers from Plaintiff Anna Olszowy, dated July 5, 2007, concerning property that had been seized and complaining about how she had been treated by "Officer Baggett". Plaintiffs have submitted copies of several reports of investigation, detailing surveillance of Christopher Oszowy in the period of time leading up to the obtaining of the arrest and search warrants. Finally, Plaintiffs have included a letter to Anna Olszowy from the South Carolina Law Enforcement Division dated April 17, 2008, wherein

---

[8]Many of these exhibits are not in proper form to be considered as evidence. However, Defendants have not objected to these exhibits, and even if all of the Plaintiffs' exhibits are considered, as discussed hereinabove the Defendants are still entitled to summary judgment. Therefore, Plaintiffs' exhibits have been reviewed for purposes of Defendants' motion only.



Anna Olszowy is advised that SLED and the Solicitor did not find that the initiation of a criminal investigation (apparently of various Defendants named in this action) was justified at that time.

As part of their addendum filed August 16, 2010, Plaintiffs have submitted a copy of a public index for the Ninth Judicial Circuit, apparently reflecting two small claims court cases filed by Christopher Olszowy against Ford Motor Credit Company, as well as a copy of the February 5, 2008 letter to Olszowy from Gresha Watford of the Berkeley County Sheriff's Department. As attachments to their supplemental response filed August 30, 2010, Plaintiff's have submitted an affidavit wherein they attest that deputies with the Berkeley County Sheriff's Office "violently broke down our residence's door with excessive force and with approximately five guns drawn" when they came to Plaintiffs house on June 27, 2007. Plaintiffs attest that "deputies at no time read our Miranda Rights but instead provided Anna Olszowy with their Search Warrant." Plaintiffs allege that they were both interrogated for one and one half hours while handcuffed and under police custody, who also searched their home and personal belongings. Plaintiffs also contest the amount of drugs found at the residence, citing to alleged discrepancies in the search warrant return and warrant affidavit (Exhibits Q and R to their Affidavit). Plaintiffs attest that they asked to contact a lawyer, but that their request was denied, and that Christopher Olszowy was then forced to sign a written statement concerning alleged drug trafficking "while intoxicated and with the absence of his eyeglasses, which all was coerced and by gunpoint." Christopher Olszowy also denies ever signing the Sheriff's officers' typed forfeiture agreement [Consent Order] where "dates had been altered." Plaintiffs further allege that Sheriff's Deputies "took items from our home that was undocumented and lied about it . . . .", citing to Exhibit Q [Search Warrant Return].

Plaintiffs allege that "DEA agents read Christopher L. Olszowy's Miranda Rights and

7



he voluntarily waived his rights while at the Sheriff's office. Immediately following the interview, the DEA agents advised that they did not believe Christopher L. Olszowy's statement regarding his alleged drug trafficking activity." However, Plaintiffs attest that even though the DEA did not pursue any criminal charges against Christopher L. Olszowy, the Sheriff's office "unlawfully seized our property as they were 'policing for profit' and then dismissed all charges." Plaintiffs further allege that the Sheriff's office, together with their defense counsel, denied them access to information even after a second dismissal date (apparently of the charges).

Finally, Plaintiffs attest that the Defendant Driggers telephoned Anna Olszowy twice on July 6, 2007 from the Sheriff's Office "and began screaming uncontrollably and threatening to arrest her", even after being advised to stop contacting her by the Defendants' lawyer. As support for this statement, they have attached to their affidavit Exhibits S and S-A, which are photocopies of a telephone showing a phone number (apparently of an incoming call) of 843-723-3800. Plaintiffs have also provided copies of Christopher Olszowy's purported statement to Sheriff's deputies (Exhibit T), a copy of a letter to Mr. Olszowy transmitting a copy of his statement (Exhibit U), and a copy of a letter from Mr. Olszowy to his defense attorney dated February 8, 2008 (Exhibit V).

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule



8

56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case. As the Sheriff for Beaufort County and a Sheriff's Deputy, both of the Defendants are subject to suit under § 1983 for damages in their individual capacities if they violated the Plaintiffs' constitutional rights. Will v. Michigan Dep't of State Police, 491 U.S. at 71; Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). However, Plaintiffs have failed to present any evidence sufficient to give rise to a genuine issue of fact as to whether either of these two Defendants violated any of the Plaintiffs' constitutional rights.

**I**

First, in order to maintain a claim under § 1983, Plaintiffs must show, in part, that a named Defendant deprived them of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996). Neither DeWitt or Driggers are identified as having been among the officers who searched Plaintiffs' house on June 27, 2007, or arrested Plaintiff Christopher



Olszowy. Further, none of the documents submitted as evidence in this case relating to the search of Plaintiffs' residence and Christopher Olszowy's arrest, including the documents leading up to those events (the Affidavit for Search Warrant, etc.) as well as the documents following those events (including Plaintiff Christopher Olszowy's waiver of his Miranda rights and Statement) bear any signatures of either of these two Defendants, reference either of these two Defendants, or contain any indication that these Defendants were involved in those events whatsoever. Therefore, these Defendants are entitled to dismissal with respect to these claims. Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].[9]

## II.

With respect to Plaintiffs' claims which specifically reference these Defendants, Plaintiffs allege that these Defendants were involved in a criminal conspiracy to commit acts of fraud and misconduct, and assisted with a prosecution for which "there was never any indictment or hearings", including knowingly falsifying, concealing and altering court documents. Plaintiffs

---

[9] While the individuals who performed these acts were (apparently) Sheriff's deputies, and Sheriff DeWitt is in charge of the Sheriff's Department, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, unless Plaintiffs have submitted some evidence to show that the conduct complained of was the result of an official policy or custom approved by DeWitt, he may not be held liable for the acts of others, including individual Sheriff's deputies. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); cf. Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Plaintiffs have failed to submit any such evidence, or even to allege the existence of such a policy or custom sanctioned by DeWitt which would have allowed or given rise to an unlawful arrest or search by Sheriff's deputies, even assuming the evidence before the Court otherwise demonstrated such unlawful conduct.



further allege that Driggers "ignored" a letter from the Plaintiff seeking the return of Plaintiffs' property, and further "repeatedly and uncontrollably threatened and harassed" Mrs. Olszowy by telephone. These claims fail on several grounds.

First, none of the documentary evidence provided by either the Plaintiffs or the Defendants constitutes evidence that either of these two Defendants engaged in an act of malicious prosecution or otherwise acted improperly with respect to Mr. Olszowy's criminal case. Specifically, Plaintiffs have provided no evidence to show that either of these two Defendants falsified any documents or engaged in any improper conduct with respect to Mr. Olszowy's criminal case. Rather, they simply make the general and conclusory claim in their complaint that these Defendants engaged in such conduct. Mere allegations do not constitute "evidence" of any improper conduct by these Defendants regarding Mr. Olszowy's criminal case, and the Defendants are therefore entitled to dismissal of this claim. See Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently



supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

Plaintiffs' allegation that the Defendant Driggers yelled at or otherwise berated Ms. Olszowy over the telephone, which the undersigned has assumed to be true for purposes of summary judgment, also fails to state a constitutional claim. Plaintiffs have presented no evidence to show that any of Mrs. Olszowy's first amendment free speech rights were violated by Driggers, or that either of these two Defendants violated the free speech rights of Mr. Olszowy. Indeed, Plaintiffs make clear in their verified complaint and affidavit that they were able to contact various officials to complain about the forfeiture of their property orally via the telephone and by certified letter, with no one impeding their ability to do so. Cf. Suarez Corp. Industries v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000)["[N]ot every reaction made in response to an individual's exercise of his First Amendment right to free speech is actionable retaliation . . . . [r]ather, . . . Plaintiff must demonstrate that the defendant's actions had some adverse impact on the exercise of the plaintiff's constitutional rights"]. There is also nothing in the exhibit provided to the Court [Gresha Watford's letter to Mr. Olszowy] which demonstrates any violation of the South Carolina or Federal Freedom of Information Act, and in any event a violation of an FOIA law does not amount to a violation of a constitutional right. Cf. Johnson v. Executive Office for U. S. Attorneys, 310 F.3d 771, 777 (D.C.Cir. 2002)[Plaintiff's claim for a constitutional violation based on Defendant's alleged mishandling of an FOIA request dismissed because "[i]t is clear that courts are precluded from granting such relief if the statute at issue provides a 'comprehensive system to administer public rights.'"] (quoting Spagnola v. Mathis, 859 F.2d 223, 228 (D.C.Cir. 1988)(en banc)).

Nor does Driggers being rude and abusive to Ms. Olszowy amount to a constitutional violation, as it is well settled that the use of vile and abusive language is never a basis for a civil

12



rights action.  Sluys v. Gribetz, 842 F.Supp. 764, 765, n. 1 (S.D.N.Y 1994) aff'd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994), cert. denied, 514 U.S. 1005 (1995); see also Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1985); Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a § 1983 civil rights action"]; Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiffs final claim against these two Defendants relates to the seizure of Plaintiffs' property as a result of the charges brought against Mr. Olszowy.  Although the documentary evidence does not reflect that Driggers was involved in this decision, other than the allegation in the complaint that Driggers "ignored" a certified letter that was sent to him requesting the return of Plaintiffs' property, even if Driggers (and/or DeWitt, as Sheriff) could be held responsible for the seizure of Plaintiffs' property, again no constitutional violation is implicated.  Myers v. Real Property at 1518 Holmes Street, 411 S.E.2d 209, 211 (S.C. 1991)[Forfeiture statutes constitutional]. Forfeiture of property used in criminal activity is allowed under South Carolina law, including motor vehicles where the charge involves at least one pound of marijuana.  See S.C. Code Ann. § 44-53-520(a); see also S.C. Code Ann. § 44-53-370(a).  Further, a conviction on a criminal charge is not required for property to be subject to forfeiture.  See S.C. Code Ann. § 44-53-520(b).

Here, the evidence provided to the Court, including Plaintiffs' own evidence, reflects that Mr. Olszowy was charged with various marijuana offenses, and that Plaintiffs' personal property was seized under applicable South Carolina law.  See S.C. Code Ann. § 44-53-520(b)["Any property subject to forfeiture . . . may be seized . . . upon warrant issued by any court having jurisdiction over the property . . .; [or made] without process . . . if . . . the [Sheriffs] department has probable cause to believe that the property was used in violation of [S.C. Code Ann. § 44-53-520]".  In assessing



the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest, irregardless of whether or not an arrestee is ultimately found to be guilty or innocent of the criminal charge itself. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996); White v. Coleman, 277 F.Supp. 292, 297 (D.S.C. 1967); Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002)["To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating [the law]"]. The exhibits, including particularly the affidavit, warrant, and other investigation documents, provide probable cause for the charges, and the subsequent seizure of Plaintiffs' personal property was therefore allowed by statute. Cf. Hanvey v. Blankenship, 631 F.2d 296, 297 (4th Cir. 1980)[Where "statutory authority permits a forfeiture . . . , no constitutional violation occurs"], citing Sell v. Parrot, 548 F.2d 753, 759 (8th Cir. 1977).

Hence, while Plaintiffs are free to contest the forfeiture of their personal property in state court under procedures provided by statute, their allegations and the evidence provided fail to set forth a constitutional violation involving this claim.[10] Hanvey, 631 F.2d at 297; Myers, 411 S.E.2d at 212; see Pope v. Gordon, 598 S.E.2d 288 (S.C. Ct. App. 2005)[outlining procedure to contest forfeiture in South Carolina].

---

[10]Plaintiffs also apparently believe criminal charges are warranted against these Defendants for their actions. However, Plaintiffs cannot obtain criminal charges against the Defendants through this lawsuit. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev. 1993)["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"]. Since the Plaintiffs do not have a judicially cognizable interest in the criminal prosecution of another person, they lack standing to even raise such a claim. Linda R.S. v. Richard D., supra, 410 U.S. at 619.



## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted,** and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 17, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

